UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE CHACON individually and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>-against-<br><br>PENTA CONSTRUCTION CORP, NICK FILLAS, and JASON VANEGAS,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff JOSE CHACON individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, allege against Defendants PENTA CONSTRUCTION CORP (the "Company" or the "Corporate Defendant"), NICK FILLAS, and JASON VANEGAS ("Individual Defendants") (the Corporate Defendant and Individual Defendants are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 et seq. (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and New York City law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Corporate Defendant is a domestic corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 24-09 41st Ave, Long Island City, NY, 11101.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Plaintiff used various tools and materials that travelled through interstate commerce.

6. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

9. Upon information and belief, Defendant Fillas resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

10. Upon information and belief, Defendant Vanegas resides in the State of New York and is a manager and/or employee of the Corporate Defendant.

11. Defendants employ construction workers and laborers.

12. Defendant Fillas is a member and, upon information and belief, an officer of the Company.

13. Defendant Fillas and Defendant Vanegas both possess the authority to hire and fire employees.

14. Defendant Fillas has the authority to supervise employees' work schedules, set their rates of pay and maintain payroll records.

15. Defendant Fillas approves the payroll practices for Defendants' employees, including Plaintiff.

16. Defendant Fillas and Defendant Vanegas each possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

17. Plaintiff has been employed by Defendants to work as a construction worker within the last six (6) years.

18. The Individual Defendants are sued individually in their capacity as owners, officers, employees, and/or agents of the Corporate Defendant.

19. Individual Defendants each exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employers under FLSA and New York State Labor Law ("NYLL").

20. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

21. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto and (b) pursuant to the NYLL (§ 650 *et seq.*) on behalf of himself and other similarly

situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed;

    i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

    ii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

22. Additionally, Plaintiff brings claims regarding Defendants' practice of discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment on the basis of national origin in violation of New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").

23. Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

24. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

25. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

26. Defendants maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

27. Defendants maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

**1. Overtime Violations**

28. Between May 2019 and March 2020, Plaintiff was scheduled to work Monday through Friday from 7:00 a.m. until 4:00 p.m.

29. However, during this period, Plaintiff often worked after his scheduled hours, sometimes as late as 7:00 pm or 8:00 p.m.

30. Plaintiff worked as late as 7:00 pm or 8:00 pm as often as 3 times per week.

31. Plaintiff was supposed to receive a 30-minute lunch break, but often did not have time to take his entire break.

32. Although Plaintiff regularly worked more than 40 hours each week during this period, Defendants never paid him for his overtime work at an overtime premium of 150% of his regular rate of pay.

33. As such, Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his overtime hours.

**2. Notice and Recordkeeping Violations**

34. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

35. Defendants did not provide Plaintiff with a notice specifying his actual hourly rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

36. Defendants also did not provide Plaintiff with a paystub specifying his actual hourly rate of pay, regular and overtime hours he worked, or the other information required under NYLL § 195.

37. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## II. Discrimination, Hostile Work Environment, and Retaliation Against Plaintiff Due to His National Origin.

38. Plaintiff is Guatemalan.

39. Plaintiff was the only Guatemalan worker who worked under Defendant Vanegas.

40. Defendant Vanegas' national origin is Honduran.

41. Defendant Vanegas treated Plaintiff worse than similarly situated employees because of his national origin.

42. Defendant Vanegas frequently cursed at Plaintiff and complained loudly and inappropriately about his work.

43. Defendant Vanegas made frequent comments to Plaintiff regarding the superiority of Hondurans as opposed to Guatemalans.

44. In May 2021, Defendant Vanegas stated to Plaintiff that "people from your country don't get along with people from my country."

45. Defendant Vanegas did not allow Plaintiff to use the same restroom as other workers.

6

46. Other workers, who were all Honduran or Ecuadoran, were allowed to use the restroom.

47. Defendant Vanegas engaged in this conduct purposely and with intent to harm Plaintiff.

48. Plaintiff complained to Defendant Fillas directly about not being permitted to use the restroom.

49. Upon information and belief, when Defendant Fillas asked Defendant Vanegas about the restroom issue, Defendant Vanegas denied that he refused to allow Plaintiff to use the restroom.

50. In July 2021, Plaintiff asked Defendant Fillas via text whether he could be moved to a different location.

51. Plaintiff's motivation in asking to move to a different location was to avoid Defendant Vanegas' constant discriminatory actions and statements.

52. Defendant Fillas replied in the affirmative.

53. Two days after his text conversation with Defendant Fillas, Plaintiff was terminated by Defendant Vanegas.

54. Plaintiff has yet to receive a termination letter or any explanation of his termination from Defendants.

55. At all times during Plaintiff's employment with Defendants, Plaintiff performed his job duties satisfactorily.

56. Defendants intentionally and deliberately discriminated against Plaintiff on account of his national origin.

57. No reasonable person in Plaintiff's shoes would be expected to tolerate the conditions to which Plaintiff was subjected by Defendants.

58. Defendants terminated Plaintiff in violation of the NYCHRL.

59. Defendants' acts of discrimination were performed with malice, and with callous and reckless indifference to Plaintiff's protected civil rights.

**Collective Action Allegations.**

60. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees. Plaintiff's consent to sue is attached as **Exhibit 1**.

61. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

62. Upon information and belief, there are at least 40 current and former construction workers, laborers, and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

63. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

64. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

65. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as construction workers, laborers, and in other similar positions on or after the date that is six (6) years before the filing of the instant Complaint.

66. Upon information and belief, this class of persons consists of not less than 30 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

67. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

68. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

69. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

70. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

71. Plaintiff brings the second through third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

**FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA against all Defendants)**

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Within the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

74. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

75. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Wage Violations under NYLL against all Defendants)**

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

78. Within the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated

at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

79. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(NYLL Failure to Notify against all Defendants)**

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

82. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

83. Defendants failed to provide Plaintiff and others similarly situated with a notice or proper paystub in accordance with §195 of the NYLL.

84. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided

by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYCHRL Violations for Discrimination Against all Defendants)

85. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86. The NYCHRL makes it unlawful to use a person's national origin as a basis to "discriminate against such person in compensation or in terms, conditions or privileges of employment."

87. By the acts and practices described above, Defendants discriminated against Plaintiff in terms, conditions or privileges of employment because of his national origin.

88. Defendants knew their actions constituted unlawful discrimination. Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

89. Defendants subjected Plaintiff to a hostile work environment which no reasonable person would be expected to tolerate.

90. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discrimination and unlawful harassment under the NYCHRL.

## FIFTH CLAIM FOR RELIEF
### (Retaliation in Violation of City Law)

91. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

92. By the acts and practices described herein, Defendants intentionally and willfully violated City Law by retaliating against Plaintiff for complaining about national origin discrimination.

93. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

94. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: January 31, 2023
      New York, New York

                                          Respectfully submitted,

*Michael Taubenfeld*
_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
ATTORNEYS FOR PLAINTIFF